IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MANOGNA DEVABHAKTUNI, § | | |
| TRAYEE RAVI, and KUSHAL RAVI, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | No. 3:19-cv-2845-M (BT) | |
| § | | |
| RICHARD BARTON, ET AL., § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiffs' *pro se* complaint and motion to proceed *in forma pauperis*. For the following reasons, the Court should deny the motion to proceed *in forma pauperis* and dismiss the complaint without prejudice unless Manogna Devabhaktuni timely cures the complaint's deficiencies.

I.

The complaint does not comply with Federal Rule of Civil Procedure 11(a). Rule 11(a) provides that a complaint must be filed by an attorney or "by a party personally if the party is unrepresented." Devabhaktuni is not a licensed attorney. Therefore, she can represent herself, but she cannot represent other parties in this action—including her children, Trayee Ravi and Kushal Ravi. *See Wade v. Carrollton–Farmers Branch Indep. Sch. Dist.,* No. 3:09–cv–346–O, 2009 WL 2058446, at *2 (N.D. Tex. July 14, 2009) ("Although a litigant has the right to

1

proceed in federal court as his or her own counsel, *see* 28 U.S.C. §1654, individuals who do not have a law license may not represent other parties even on a next friend basis."). For this reason, the complaint is deficient.

Further, Devabhaktuni is a sanctioned litigant who is prohibited from proceeding *in forma pauperis* in this Court. *See Devabhaktuni v. Honorable David C. Godbey*, No. 3:19-cv-2216-G (BT) (N.D. Tex. Oct. 28, 2019). Based on this sanction order, Devabhaktuni may not proceed *in forma pauperis* and must pay the filing fee before she may proceed with this case.

## II.

For these reasons, the Court should deny the motion to proceed *in forma pauperis* and dismiss the complaint without prejudice unless Devabhaktuni (1) pays the full filing fee within 14 days of this order and (2) either amends her complaint to remove Trayee and Kushal Ravi as plaintiffs or obtains counsel to represent these plaintiffs.

Signed December 4, 2019.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

2

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).